**In the Matter of COOPERATIVA CONSUMIDORES del SUR, Debtor.**

**COOPERATIVA CONSUMIDORES del SUR; Creditors Committee of Cooperativa Consumidores del Sur, Plaintiff/Movant,**

v.

**COMPANIA DESARROLLO COOPERATIVO de PUERTO RICO, Defendant/Respondent.**

**Bankruptcy No. B–85–01235(ESL).
Adv. No. 85–0398.**

United States Bankruptcy Court, D. Puerto Rico.

March 23, 1987.

Irving K. Hernández, Rio Piedras, P.R., for debtor/plaintiff/movant.

Ramon Torres Rodriguez, San Juan, P.R., for defendant/respondent.

Maria Luisa Contreras, San Juan, P.R., for Creditors Committee.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

On December 12, 1985 the Creditors' Committee and Cooperativa de Consumidores del Sur (Cooperativa), the debtor herein, filed the instant proceeding for declaratory judgment praying the court to determine the extent of the security held by Compañía del Desarrollo Cooperativo de Puerto Rico (Compañía). The parties submitted a joint pretrial report on June 23, 1986 wherein they stipulated to all the relevant and material facts. It was agreed that the issue was one of law; that is, whether 31 LPRA § 5024 gives a creditor a security for debts incurred after a pledge agreement is perfected. Both parties have submitted memoranda on the applicable law.

Pursuant to Rule 7052 the court makes the following findings of fact and conclusions of law:

### Findings of Fact

The relevant facts have been stipulated and are, therefore, uncontroverted.

1. On February 6, 1986 Cooperativa and Compañía entered into a factor's lien and a pledge agreement in favor of Compañía.

2. The pledge agreement guaranteed a $300,000.00 loan from Compañía to Cooperativa. Two certificates of deposit and one certificate of debt totalling $200,000.00 were pledged to Compañía to guarantee the fulfillment of the principal obligation.

3. The outstanding balance on the loan had been reduced to $90,897.70 as of November 5, 1984, amount which is still owing plus interest accrued post petition.

4. After February 6, 1981 Compañía loaned Cooperativa other sums, some of which to date remain unpaid.

### Conclusions of Law

A creditor has a secured claim up to the value of the collateral, 11 U.S.C. § 506, pursuant to a particular security agreement. 11 U.S.C. § 101 (44, 45). The security agreement in question is a pledge agreement. 31 LPRA § 5021, et seq.

In order for a pledge agreement to be effective against a third person (trustee or debtor in possession) it must be perfected and its date must be shown by an authentic document. 31 LPRA § 5023; *In the matter of Supermercados San Juan, Inc.*, 575 F.2d 8, 11 (1st Cir.1978).

The parties have stipulated that the February 6, 1981 is valid as to the original loan. The issue in controversy is whether loans made after the original agreement also come under its umbrella pursuant to 31 LPRA § 5024.

Section 5024 states that:

"A contract of pledge gives a right to the creditor to retain the thing in his possession or in that of the third person to whom it may have been delivered until his credit is paid.

"If, while the creditor retains the pledge, the debtor should contract with him another debt demandable before the first one has been paid, the former may extend the retention until both credits are paid him, even should it not have been stipulated that the pledge should be subject to the security for the second debt."

There is no evidence to establish that the loans have a date certain to make the purported amended pledge agreement effective against a third party. *In the matter of Supermercados San Juan, Inc., supra.* Thus, the same are not effective against the trustee or the debtor in possession. Such a result is consistent with the interpretation given by the principal spanish commentators. That is, that the right to retention is a personal one between the two parties, which does not extend the existing pledge nor does it create a new one, and, consequently, does not give rise to a new security interest. José Puig Brutau, *Fundamentos de Derecho Civil*, Tomo III, Segunda Edición, pg. 36 (1974); Manresa, *Comentarios al Código Civil Español*, Tomo XII, 6ta. Edición (1973), pages 571–572.

*Conclusion*

The debt of the Compañía de Desarrollo Cooperativo de Puerto Rico is secured only to the extent owed under the original pledge agreement. The remainder is unsecured.

IT IS SO ORDERED.